IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DIANE PURCELL and THOMAS R. PURCELL, | § § § | No. 45, 2016 |
| Appellees/Plaintiffs Below, Appellants, | § § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § § § | C.A. No. N12C-02-178 |
| STATE FARM FIRE AND CASUALTY CO., | § § § § | |
| Appellant/Defendant Below, Appellee. | § § § | |

Submitted: September 23, 2016
Decided: December 13, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

This 13th day of December 2016, it appears to the Court that:

(1)     The appellants, Diane Purcell and Thomas R. Purcell ("the Purcells"), were insured under a homeowners policy provided by the appellee, State Farm Fire and Casualty Co. ("State Farm"). The policy provided fire loss coverage on the Purcells' home and its contents. In April 2010, the home and contents were damaged in a fire.

(2)     The underlying action in the Superior Court began as an appeal filed by State Farm from an arbitration panel's decision in favor of the Purcells on their

request for damages for the loss of personal property as a result of the fire.[1]  In the same action as the appeal, the Purcells filed a complaint against State Farm.  The complaint alleged breach of contract, bad faith, and other claims not related to the personal property claim.  On the personal property claim, the complaint sought a declaratory judgment that the arbitration decision was binding on State Farm.

(3)  On January 12, 2015, the Superior Court ordered that State Farm's appeal from the arbitration decision and the Purcells' complaint against State Farm would be tried separately.[2]  The court further ordered that the Purcells' request for a declaratory judgment would be decided in connection with the appeal, and that the court would adjudicate the appeal before addressing the complaint.

(4)  In April 2015, prior to the disposition of the appeal, State Farm filed a motion to dismiss the action for the Purcells' failure to prosecute.  On August 18, 2015, the Superior Court dismissed the action, using the one-sentence form of order submitted with the motion.

---

[1] *See* 18 *Del. C.* § 331(d) (governing appeal to Superior Court for trial *de novo* from arbitration decision).

[2] *See* Del. Super. Ct. Civ. 42(b) ("The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims, or issues.").

(5)     On September 3, 2015, the Purcells moved for reargument of the August 18 dismissal order. The motion for reargument was untimely filed.[3] An untimely motion for reargument cannot be considered.[4]

(6)     On September 22, 2015, the Superior Court held a hearing on the motion for reargument. By order dated January 4, 2016, the court denied the motion as without merit. This appeal followed.

(7)     The Court has carefully considered the parties' briefs on appeal and reviewed the Superior Court record. The Court cannot determine if the Superior Court intended (and if State Farm sought) to dismiss both the appeal and the complaint. Also, the Court cannot determine if the August 18 order is a final order.[5]

(8)     Given the uncertainty in the record concerning the scope of the dismissal of the underlying action, the Court has concluded that the dismissal order must be vacated and this case remanded for further proceedings. The Court will

---

[3] *See* Del. Super. Ct. Civ. R. 59(e) (providing that a motion for reargument must be filed within five days after the filing of the opinion or decision); Del. Super. Ct. Civ. R. 6(a) (providing that when period of time is less than eleven days, intermediate Saturdays, Sundays, and other legal holidays are excluded from computation of due date).

[4] *See* Del. Super. Ct. Civ. R. 6(b) (providing that the Superior Court may not extend the time for filing a motion for reargument). *But see Bey v. State*, 402 A.2d 362, 363 (Del. 1979) (excusing untimeliness "attributable to court-related personnel"), *noted in Walls v. State*, 2008 WL 1778243, at *2 (Del. April 21, 2008).

[5] *See* Del. Super. Ct. Civ. R. 54(b) (governing judgment upon multiple claims).

affirm the denial of the untimely motion for reargument, albeit on grounds different from those relied on by the Superior Court.[6]

NOW, THEREFORE, IT IS HEREBY ORDERED that the order of January 4, 2016 denying the motion for reargument is AFFIRMED. The order of August 18, 2015 dismissing the action is VACATED. This matter is REMANDED for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[6] *Unitrin, Inc. v. American General Corp.*, 651 A.2d 1361, 1390 (Del. 1995).